```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ARIES ARDITI,                           :
                                        :       10 Civ. 8416 (DLC)
                        Plaintiff,      :
                                        :       OPINION AND ORDER
        -v-                             :
                                        :
LIGHTHOUSE INTERNATIONAL,               :
                                        :
                        Defendant.      :
                                        :
----------------------------------------X
```

APPEARANCES

For Plaintiff:
Ronald Scott Greenberg
Jared I. Heller
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

For Defendant:
Curtis C. Mechling
Elizabeth H. Cronise
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, Ny 10038

DENISE COTE, District Judge:

Plaintiff Aries Arditi contends that his employment agreement gives him a right to insist on a monthly pension benefit that is calculated pursuant to the terms of the pension plan that were described in that agreement, as opposed to the amended pension plan as it existed at the time of his retirement. He has moved to remand this action to state court

on the ground that it is a simple breach of contract action and is not preempted by Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq.  Defendant Lighthouse International ("Lighthouse") opposes remand and has cross-moved to dismiss the action.  Since ERISA does preempt Arditi's claims, the motion to remand is denied and the action is dismissed.

### BACKGROUND

The following undisputed facts are taken from the complaint and documents integral to it.  Arditi was employed by Lighthouse from 1982 to 2000, and accrued 18.83 years of service credit under the Lighthouse Pension Plan ("Plan").  After he left Lighthouse, the company amended its Plan to add a Rule of 85, which entitled any qualified employee to retire and collect her/his pension benefit before reaching the age of 65 if the sum of the employee's age and years of vested service equaled or exceeded 85.  The relevant provision of the Plan reads:

> Effective April 1, 2001, if a Member's combined age and years of Vesting Service equals 85 or more the early retirement benefit shall be equal to his Accrued Benefit at such Early Retirement Date; however, such early retirement benefit shall not be subject to reduction . . . .
>
> If a former Member is reemployed following a Period of Severance of more than 12 months, he shall again become a Member on his Reemployment Date.  Such Member's Vesting Service and Credited Service shall

be restored upon his completion of one year of
Continuous Service . . . .

In a separate provision, the Plan acknowledged that Lighthouse retained the right to amend the Plan.  It read, that "Lighthouse reserves the right at any time, by action of the Board, to modify or amend the Plan in whole or in part . . . ."

Arditi, in reliance on the Rule of 85 amendment to the Plan returned to Lighthouse, beginning work on July 1, 2002.  His written employment agreement ("Agreement") was contained in a letter of June 13, 2002, which was signed by both parties.  The Agreement reads in pertinent part:

> With respect to the Lighthouse International Pension Plan, in which you are already fully vested, your new employment here will result in reinstatement as a plan member.  You now have credited service for purposes of pension calculation of 18.83 years of previous service and the amount of time you work here in the future will be added.
>
> Our retirement plan has now added a Rule of 85 provision that provides an unreduced benefit to employees whose age plus years equal 85 or more.  As you are now age 51, your age plus your years of service is approximately 70 years.  Assuming you continue to work at the Lighthouse for another eight years, your age then, 59 and years of service then, 26, would equal 85.  At that time if you opt to retire you will receive an unreduced pension benefit.

(Emphasis supplied.)

On June 30, 2007, Lighthouse froze the Plan, which had the effect of stopping accrual of service time for pension

3

calculation purposes for all members of the Plan.[1]  Arditi retired on March 19, 2010.  In calculating Arditi's pension benefit, the Lighthouse did not recognize Arditi's service for the period July 1, 2007 to his date of retirement, a period of almost three years.

On September 30, 2010, Arditi filed a lawsuit in state court against Lighthouse asserting two causes of action for breach of contract and a declaratory judgment.  Lighthouse removed the action to federal court, where it was assigned to this Court as 10 Civ. 7860.  Arditi promptly dismissed the action, repleaded his claims, and refiled the lawsuit in state court on November 2, 2010.  The re-filed action contained the same two causes of action, but eliminated certain direct reference to the Plan and to ERISA.  The action was removed again to federal court.

In the current complaint, Arditi seeks to recover an amount equal to the pension payments that he contends Lighthouse improperly withheld and a judicial declaration that he is entitled to an amount calculated by including in full his service to retirement as required under the Agreement.  He asserts that if the Plan had not been frozen, he would have been

---

[1] Plan members, including Arditi, were notified that the Plan was being frozen through notices sent on May 14, 2007.

entitled to a monthly pension payment of $7,132.79 per month or $1,116.28 more than he currently receives. The complaint alleges two claims: a breach of contract claim for enforcement of the Agreement, and a request for a declaration that Arditi is entitled to receive this amount under the Agreement.

## DISCUSSION

The motion to remand and the motion to dismiss each require a determination of whether the Plan is a critical element of Arditi's claims. If it is, then Arditi's state law claims are preempted by ERISA and must be dismissed because the Agreement cannot convey greater benefits under the Plan than are available to other Lighthouse employees.

Whether ERISA preempts a state law cause of action is a question of law. Stevenson v. Bank of N.Y. Co., 609 F.3d 56, 59 (2d Cir. 2010). ERISA provides that it "shall supersede any and all State law insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Despite this broad language, courts start with the "presumption" that Congress did not intend through its enactment of ERISA "to supplant state law." N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 654 (1995).

In particular, courts "are reluctant to find that Congress intended to preempt state laws that do not affect the

relationships among" the core ERISA entities, that is, beneficiaries, participants, administrators, employers, trustees and other fiduciaries, and the ERISA plan itself. Gerosa v. Savasta & Co., 329 F.3d 317, 324 (2d Cir. 2003). "On the other hand, state laws that would tend to control or supersede central ERISA functions -- such as state laws affecting the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits -- have typically been found to be preempted." Stevenson, 609 F.3d at 59 (citation omitted). Thus, "laws that have been ruled preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee." Id. at 62 (citation omitted).

The artful pleading rule prevents plaintiffs from "avoid[ing] removal" to federal court "by declining to plead necessary federal questions." Romano v. Kazacos, 609 F.3d 512, 519 (2d Cir. 2010) (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Even if a complaint only contains state law claims, a federal question is "necessary" and will support removal to federal court, if Congress has "completely preempted,

6

or entirely substituted, a federal law cause of action for a state one." Id. (citation omitted).

Arditi's breach of contract claim, and its associated claim for a declaration of his contractual rights, are each preempted by ERISA. The benefits Arditi seeks are those that were conveyed by the Plan at the time he rejoined Lighthouse. They are benefits which are conveyed upon vested Lighthouse employees pursuant to the Plan. While the Agreement described the Plan benefits that were in effect at the time of the Agreement, and did so accurately, Arditi essentially seeks to have the Agreement supersede the Plan and remove from the Plan the authority it vests in Lighthouse to amend the Plan. In other words, Arditi contends that the Agreement's statement that the amount of time Arditi worked at Lighthouse in the future "will be added" to his credited years of service prevented Lighthouse from changing the Plan's mechanism for calculating that particular retirement benefit. Thus, through this action, Arditi seeks to require the Plan's administrator "to follow a standard inconsistent" with the operation of the Plan vis a vis every other Plan participant who would be affected by the Rule of 85. Stevenson, 609 F.3d at 61. Such a claim interferes with the Plan's calculation of benefits and the operation of an ERISA Plan. It is, therefore, preempted.

Neither Stevenson nor Cotter v. Milly LLC, No. 09 Civ. 4639 (PGG), 2010 WL 286614 (S.D.N.Y. Jan 22, 2010), the two cases on which Arditi principally relies, require a different result. The plaintiff in Stevenson had received a promise that he would retain certain benefits if he agreed to transfer to a Swiss bank affiliate of his employer, including that there would be no break in service for the purpose of calculating retirement benefits. Stevenson, 609 F.3d at 60. The Court of Appeals held that this claim for breach of contract was not subject to ERISA preemption because it constituted a "separate promise that references various benefit plans" and does not "derive from the particular rights and obligations established by any benefit plan." Id. at 60-61 (citation omitted). In contrast, Arditi's right to an increased monthly pension benefit derives directly from the terms of the Plan.

In Cotter, an employment agreement had promised, inter alia, that the plaintiff would be eligible to participate in the employer's 401(k) plan, and that the company would match his contributions up to 4% of his base salary, but the company then failed to make the matching contributions. Cotter, 2010 WL 286614, *2-*3. The district court rejected the ERISA preemption argument, finding that the plaintiff's claims concerned representations in the employment agreement and not the

8

plaintiff's "entitlement to benefits as specified in an employee benefits plan." Id. at *7. Here, in contrast to the claim in Cotter, the plaintiff's claim necessarily rests on construction of an ERISA plan and his entitlement to plan benefits.

Having concluded that Arditi's state law causes of action are preempted by ERISA, it is also appropriate to dismiss those causes of action. Arditi has not brought any claim pursuant to ERISA to challenge either the authority of Lighthouse to amend its Plan or the reliability of the calculation of his pension benefit under the Plan. Accordingly, Arditi's lawsuit must be dismissed for failure to state any plausible claim. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## CONCLUSION

The plaintiff's November 15, 2010 motion to remand is denied. The defendant's November 19 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendant and close the case.

SO ORDERED:

Dated:   New York, New York
         January 18, 2011

                                    _____
                                           DENISE COTE
                                    United States District Judge